**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 8, 2024

LETTER TO COUNSEL

    RE:    *Shane S. v. Commissioner, Social Security Administration*
              Civil No. SAG-23-1713

Dear Counsel:

On June 26, 2023, Plaintiff Shane S. petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for benefits. ECF No. 1. After reviewing the parties' briefs (ECF Nos. 12, 14, 15), I have determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, I will affirm the SSA's decision. This letter explains my rationale.

### I.    PROCEDURAL BACKGROUND

Plaintiff protectively filed a claim for Supplemental Security Income benefits on June 17, 2019, alleging a disability onset date of August 14, 2014. Tr. 10. His claim was denied initially and on reconsideration. Tr. 107–10, 114–18. On November 2, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 33–56. On November 16, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 7–27. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

### II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant

work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since he applied for benefits. Tr. 12. At step two, the ALJ found that Plaintiff "has the following severe impairments: major joint dysfunction, degenerative disc disease, coronary arteriosclerosis/coronary artery disease, chronic deep vein thrombosis, diabetes mellitus, and anxiety." *Id*. The ALJ also found that Plaintiff's "right wrist pain/paresthesias, opioid use disorder and alcohol disorder, in remission, right trigger finger, and obesity" were non-severe. *Id.* At step three, the ALJ found that Plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity of" a listed impairment. Tr. 13. The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except: occasionally stooping, kneeling, crouching, and climbing ramps and stairs; no crawling or climbing ladders, ropes, or scaffolds; frequent exposure to pulmonary irritants, including fumes, odors, dust, and gas; occasional exposure to vibrations; occasional exposure to hazardous conditions, including unprotected heights and moving machinery; occasional interaction with the general public; and the option to elevate the lower extremities during breaks and lunch.

Tr. 16. The ALJ found that Plaintiff had no past relevant work but could perform jobs existing in significant numbers in the national economy. Tr. 21. The ALJ concluded that Plaintiff was not disabled. Tr. 22.

### III.   LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### IV.   ANALYSIS

Plaintiff argues that the RFC assessment is not supported by substantial evidence because (1) the ALJ did not conduct a function-by-function analysis of Plaintiff's exertional capabilities (sitting, standing, walking, lifting, carrying, pushing, and pulling) pursuant to Social Security Ruling ("SSR") 96-8p and (2) the ALJ drew conclusions regarding Plaintiff's abilities to squat and bend which conflict with the RFC assessment. ECF No. 12 at 7–16. Defendant counters that the

ALJ applied the proper legal framework and conducted an RFC assessment that is supported by and consistent with the evidence. ECF No. 14 at 6–12.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). RFC is expressed in terms of a claimant's ability to do "sustained work-related physical and mental activities in a work setting" for "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). When assessing RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." *Id.*

Here, the ALJ did not assess Plaintiff's exertional capabilities on a function-by-function basis. Nevertheless, the ALJ's RFC assessment finds support in the weight that the ALJ assigned to the opinion of Dr. M. Sendak, a state agency medical consultant. *See* Tr. 20 (citing Exhibit B4A). Dr. Sendak opined that Plaintiff was limited to: (1) frequently lifting and carrying ten pounds; (2) standing and/or walking for up to two hours during a workday; (3) sitting for about six hours during a workday; and (4) unlimited pushing and/or pulling. Tr. 90. Having found Dr. Sendak's RFC assessment persuasive, *see* Tr. 20, the ALJ limited Plaintiff to sedentary work, *see* Tr. 16, which involves "lifting no more than 10 pounds at a time," "occasionally lifting or carrying articles like docket files, ledgers, and small tools," standing and walking for "no more than about 2 hours of an 8-hour workday," and sitting for "approximately 6 hours of an 8-hour workday,"[1] SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

Although the ALJ did not individually assess Plaintiff's exertional abilities, the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis" and has explained that remand "may be appropriate" when an ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). No such issue exists here—Plaintiff identifies no unresolved evidentiary conflicts concerning exertional functions and the ALJ permitted meaningful review by incorporating the RFC assessment of a persuasive source into the ALJ's own RFC assessment. *See Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017) (holding that an ALJ adequately supported limitations in the RFC assessment by assigning persuasive value to the opinions of doctors who addressed the limitations in detail); *Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis of her exertional limitations. Thus, the ALJ employed the legal standard set forth in . . . SSR 96–8p in [assessing] RFC."). Therefore, the ALJ's failure to explicitly assess Plaintiff's exertional abilities does not warrant remand.

---

[1] When a sedentary RFC assessment is silent as to certain exertional limitations, the RFC assessment "implicitly" adopts the exertional aspects of sedentary work as defined by the SSA. *See Bennett v. Astrue*, No. CA 1:10-1931-RMG-SVH, 2011 WL 2470084, at *15 (D.S.C. May 31, 2011), *report and recommendation adopted*, 2011 WL 2470070 (D.S.C. June 20, 2011).

*Shane S. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1713
April 8, 2024
Page 4

Plaintiff also argues that his "inability 'to squat' or to 'bend over and touch his toes', as cited by the ALJ, directly conflicts with the RFC determination, and further undermines the ALJ's conclusion that Plaintiff retains the ability to perform sedentary work." ECF No. 12 at 14. As relevant to Plaintiff's argument, "there are three types of postural-manipulative [functions] that include 'bending.' These are 'stooping,' (bending the body downward and forward by bending the spine at the waist), 'kneeling' (bending the legs at the knees to come to rest on one or both knees), and 'crouching' (bending the body downward and forward by bending both the legs and spine)." *Pederzolli v. Comm'r of Soc. Sec. Admin.*, No. CV-17-04705-PHX-DWL, 2019 WL 1227216, at *4 n.2 (D. Ariz. Mar. 15, 2019) (internal citations omitted). The abilities to "squat" and to "crouch" are "synonymous" for purposes of an RFC assessment. *Id.*

Despite Plaintiff's contention to the contrary, the ALJ did not determine that Plaintiff lacked the ability to squat. Rather, the ALJ observed that Plaintiff was "unable to squat and bend over and touch his toes" during a consultative examination with Dr. NDama Bamba in January 2020. Tr. 17 (citing Exhibit B6F). But Dr. Bamba did not conclude that Plaintiff lacked the ability to bend. *See* Tr. 430. Instead, Dr. Bamba described Plaintiff's ability to "bend [and] stoop" as "limited." *Id.* Dr. Bamba reached this determination by reviewing Plaintiff's past medical history and by examining Plaintiff. *See* Tr. 425. The ALJ assigned persuasive value to the postural limitations described by Dr. Bamba and limited Plaintiff to occasional stooping, kneeling, and crouching. Tr. 16, 19. This conclusion was further supported by the ALJ's assignment of persuasive value to the RFC assessment conducted by Dr. Sendak, who opined that Plaintiff could "[o]ccasionally" stoop, kneel, and crouch. Tr. 20, 90. Accordingly, the Court finds no conflict between the postural limitations of the RFC assessment, the remainder of the ALJ's decision, and Dr. Bamba's opinion.

In sum, the Court must affirm the ALJ's decision because it is supported by substantial evidence and the ALJ employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

V. **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge